IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FRANCESCA HEREFORD, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF ROBERT T.
HEREFORD                                                                                             PLAINTIFFS

V.                                                                    CIVIL ACTION NO. 1:03cv187-B-D

BEVERLY ENTERPRISES-MISSISSIPPI;
BEVERLY HEALTH AND REHABILITATION
SERVICES, INC.; JAMES LANDERS;
GARY B. STAFFORD, JR.; ET AL.                                                              DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion to remand and renewed motion to remand. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The defendants – a nursing home, its licensee and administrator – removed this wrongful death action from the Circuit Court of Lee County, Mississippi, on the basis of diversity jurisdiction on April 22, 2003. The defendants allege that James Landers, the former nursing home licensee, and Gary Stafford, the former nursing home administrator – both non-diverse defendants – were improperly joined in order to defeat diversity jurisdiction. The plaintiffs subsequently moved to remand. Upon motion of the defendants, the court stayed the case on February 5, 2004, pending issuance of mandate in the Fifth Circuit Court of Appeals case *Gray v. Beverly-Enterprises Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004). After the ruling in *Gray*, the plaintiffs renewed their motion to remand, and the defendants moved for remand-related discovery, which was granted. The court is now ready to rule on the remand motions.

Analysis

In diversity jurisdiction cases, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The "burden of demonstrating [improper] joinder is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999). To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs*, 181 F.3d at 699). Under the second prong, the court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, *unless* that showing compels dismissal of *all defendants*." *McDonal*, 408 F.3d at 183. A district court normally examines a claim of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573. In cases where the plaintiff has stated a claim but "misstated or omitted discrete facts," however, the district court has the discretion to pierce the pleadings and conduct a summary inquiry. *Id.*

The Fifth Circuit held in *Gray* that injured nursing home residents have a reasonable possibility of stating negligence claims against nursing home licensees and administrators under Mississippi law. *Gray*, 390 F.3d at 408. The court stated as follows:

> On balance, plaintiffs have the better of the argument – at least strong enough to demonstrate a reasonable possibility of recovery under Mississippi law. Plaintiffs

2

> cannot demonstrate hands-on contact by the defendants, but such activity does not seem required to impose personal liability under Mississippi law. One may easily be a direct participant in tortious conduct by merely authorizing or negligently failing to remedy misconduct by one's subordinates. It is uncertain, at this stage of the litigation, whether plaintiffs will be able to prove their allegations of direct participation to the satisfaction of the trier of fact. Nevertheless, it is at least reasonable to expect that a Mississippi court might find that the allegations of the in-state defendants' misfeasance and nonfeasance are sufficient to state a claim under state law. The district court therefore erred in not recognizing the reasonable possibility of plaintiffs' recovery against the in-state defendants under Mississippi law – especially in light of the recognized ambiguity in the caselaw that must be resolved in favor of remand.

*Gray*, 390 F.3d at 410.

*Gray* appears to be factually indistinguishable from the present case, and it is clear that the defendants in that case made – and the Fifth Circuit rejected – many of the same arguments set forth by the defendants in the case at bar. In accordance with *Gray*, the court finds a reasonable basis for predicting that Mississippi law may impose liability upon the facts involved in the present case. The plaintiffs did not improperly join Landers and Stafford. Removal is, therefore, inappropriate. The lack of complete diversity divests the court of subject matter jurisdiction, and this case must be remanded to the court whence it came.[1]

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand and renewed motion to remand are well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 15th day of September, 2005.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] Having found no improper joinder of the non-diverse defendants, the court finds it unnecessary to address the plaintiff's argument that Beverly Enterprises – Mississippi is a citizen of the State of Mississippi.

3